FILED

1 | Dale K. Galipo, Esq. (Bar No. 144074)
LAW OFFICES OF DALE K. GALIPO
2 | 21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
3 | Telephone:  (818) 347-3333
Facsimile:   (818) 347-4118
4 | E-Mail:      dalekgalipo@yahoo.com

5 | Brian E. Claypool (Bar No. 134674)
THE CLAYPOOL LAW FIRM
6 | 1055 East Colorado Boulevard, 5th Floor
Pasadena, CA 91106
7 | Telephone:  (626) 240-4616
Facsimile:   (626) 796-9951
8 | E-Mail:      becesq@aol.com

9 | Attorneys for Plaintiffs

10

11 |                UNITED STATES DISTRICT COURT

12 |                CENTRAL DISTRICT OF CALIFORNIA

13 |

SACV11-00536 AG(RNBx)

14 | R.S., a minor by and through his
Guardian Ad Litem STEPHANIE        Case No. _____
15 | SENTELL, and PAMELA AMICI,
                Plaintiffs,          **COMPLAINT FOR DAMAGES**

16 |                                   1. Unreasonable Search and Seizure—
                                         Detention and Arrest (42 U.S.C. §
17 |                                      1983)

18 |         vs.                       2. Unreasonable Search and Seizure
                                         and Due Process—Excessive Force
19 |                                      and Denial of Medical Care (42
                                         U.S.C. § 1983)
20 | CITY OF LONG BEACH, and DOES 1-
10, inclusive,                        3. Substantive Due Process—(42
21 |                                      U.S.C. § 1983)
                Defendants.
22 |                                   4. Municipal Liability for
                                         Unconstitutional Custom, Practice,
23 |                                      or Policy (42 U.S.C. § 1983)
24 |                                   5. False Arrest/False Imprisonment
25 |                                   6. Battery
                                      7. Negligence
26 |                                   8. Violation of Bane Act (Cal. Civil
                                         Code § 51.7)
27 |

28 |                **DEMAND FOR JURY TRIAL**

COMPLAINT FOR DAMAGES

# COMPLAINT FOR DAMAGES

R.S., a minor by and through his Guardian Ad Litem Stephanie Sentell, and Pamela Amici, for their complaint against Defendants City of Long Beach and Does 1-10, inclusive, allege as follows:

## INTRODUCTION

1.     This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution, Constitution of the State of California and California State Law in connection with the fatal police shooting of the decedent, Douglas Zerby.

## PARTIES

2.     At all relevant times, decedent Douglas Zerby ("DECEDENT") was an individual residing in County of Los Angeles, California.

3.     Plaintiff R.S. is a minor individual residing in County of Mendocino, California, and is the natural born son to DECEDENT.  R.S. sues by and through his natural mother and Guardian Ad Litem, STEPHANIE SENTELL.  R.S. sues both in his individual capacity as the son of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT.  R.S. seeks both survival and wrongful death damages under federal and state law.

4.     Plaintiff PAMELA AMICI is an individual residing in County of Orange, California, and is the natural mother of DECEDENT.  PAMELA AMICI sues in her individual capacity as the mother of DECEDENT.  PAMELA AMICI seeks wrongful death damages under federal law.

5.     At all relevant times, Defendant CITY OF LONG BEACH ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  At all relevant times, CITY was the employer of Defendants DOES 1-5, who were CITY Police Officers, and DOES 6-10, who were managerial,

supervisorial, and policymaking employees of the CITY Police Department. DOES 1-10 are sued in their individual capacity for damages only.

6.     At all relevant times, Defendants DOES 1-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as CITY Police Officers and with the complete authority and ratification of their principal, Defendant CITY.

7.     At all relevant times, Defendants DOES 1-10 were duly appointed CITY Police Officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

8.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of CITY.

9.     At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

10.    The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

11.    On January 27, 2011, Plaintiffs filed a comprehensive and timely claim for damages with CITY pursuant to applicable sections of the California Government Code.

12.    On March 13, 2011, Plaintiffs' claims were rejected by operation of law.

**JURISDICTION AND VENUE**

13.   This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

14.   Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

15.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 14 of this Complaint with the same force and effect as if fully set forth herein.

16.   On the afternoon of December 12, 2010, DECEDENT was sitting on the landing to the porch of his friend's apartment, waiting for his friend to return home.

17.   While sitting and waiting for his friend to return home, DECEDENT apparently picked up a water nozzle handle that was lying on the porch.

18.   A neighbor called 911 and reported that a person on the landing appeared to be inebriated and possibly in possession of a weapon.

19.   Within a few minutes, a Long Beach Police Officer (DOE 1) and a Long Beach Marine Patrol Officer (DOE 2) arrived at the residence of the 911 caller and ordered all occupants out of the home.  Additional Long Beach Police Officers (DOES 3-5) arrived on the scene shortly thereafter.

20.   At no time prior to the shots being fired did either DOES 1 or 2, or any other DOE Officer, ask the reporting party why he called or what he observed.

21.   Within a short time after arriving on the scene, multiple shots were fired by three officers (DOES 1-3).  On information and  belief, the first shots fired were

1  from the kitchen area of the home of the 911 caller, approximately 12-15 feet from

2  where DECEDENT was sitting.

3      22.   DECEDENT was shot a total of twelve times, causing DECEDENT

4  serious physical injury, pain and suffering, and death.  At all times prior to the

5  shooting, DECEDENT was unarmed.

6      23.   At no time prior to firing shots at DECEDENT, did the CITY Police

7  Officers on the scene ever identify themselves as CITY Police Officers.  The CITY

8  Police Officers on the scene did not speak with DECEDENT at all.  Indeed,

9  DECEDENT would not have even known that CITY Police Officers were present

10  since no officer had spoken with him, and they had all taken positions of cover.

11      24.   At no time prior to shooting, did DOES 1-3 ever order DECEDENT to

12  drop anything, nor did they warn DECEDENT that they were going to shoot him or

13  give him any commands.  Rather, the officers shot the decedent without warning.

14      25.   On information and belief, DECEDENT had not committed any crime.

15  Defendants DOES 1-3, had neither reasonable suspicion to detain DECEDENT, nor

16  probable cause to arrest him.

17      26.   At the time of the shooting, DECEDENT was unarmed and posed no

18  imminent threat of death or serious physical injury to either DOES 1-3, nor or any

19  other person.  The use of deadly force was excessive and objectively unreasonable

20  under the circumstances.  The only object found on the staircase after the shooting

21  was a water nozzle handle.  Given that DECEDENT was unarmed and given the

22  number of shots fired without warning, the use of deadly force in this case

23  demonstrated a deliberate indifference to the health and safety of Mr. Zerby and

24  shocks the conscience.

25      27.   On information and belief, Defendants DOES 1-3 had no information

26  that DECEDENT had committed a felony.

27      28.   Immediately after shooting DECEDENT, DOES 1-3 dragged his body

28  from the landing area of the porch to the bottom of the steps.  Paramedics were not

1  permitted to treat DECEDENT for at least fifteen minutes, and potentially longer,

2  after the shooting.

3

4  ### FIRST CLAIM FOR RELIEF

5  **Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

6  (Against Defendants DOES 1-5)

7      29.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1

8  through 28 of this Complaint with the same force and effect as if fully set forth

9  herein.

10      30.   Defendants DOES 1-5 caused DECEDENT to be detained and arrested

11  in violation of his right to be secure in his person against unreasonable searches and

12  seizures as guaranteed to the DECEDENT under the Fourth Amendment to the

13  United States Constitution and applied to state actors by the Fourteenth Amendment.

14      31.   As a result of the conduct of Defendants, DOES 1-5 are liable for

15  DECEDENT's injuries, either because they were integral participants in the wrongful

16  detention and arrest, or because they failed to intervene to prevent these violations.

17      32.   The DECEDENT was detained without reasonable suspicion and

18  arrested without probable cause.

19      33.   The conduct of Defendants DOES 1-5 was willful, wanton, malicious,

20  and done with reckless disregard for the rights and safety of DECEDENT and

21  therefore warrants the imposition of exemplary and punitive damages as to

22  Defendants DOES 1-5.

23      34.   R.S. brings this claim individually and as successor-in-interest to

24  DECEDENT, and seeks both survival and wrongful death damages under federal law

25  for the violation of DECEDENT's rights.  Plaintiffs also seek attorney fees under this

26  claim.

27

28

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure and Due Process—Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)

(Against Defendants DOES 1-5)

35.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.  Specifically, the use of deadly force was excessive and unreasonable under the circumstances.

36.     Defendant DOES 1-5's unjustified shooting deprived DECEDENT of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37.     The unreasonable use of deadly force by Defendant DOES 1-5 deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

38.     As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

39.     As a result of their conduct, Defendants DOES 1-5 are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

40.     Defendants DOES 1-5 knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary

1  and wanton infliction of pain, but disregarded that serious medical need, causing him

2  great bodily harm and death.

3      41.    The conduct of Defendants DOES 1-5 was willful, wanton, malicious,

4  and done with reckless disregard for the rights and safety of DECEDENT and

5  therefore warrants the imposition of exemplary and punitive damages as to

6  Defendants DOES 1-5.

7      42.    R.S. brings this claim individually and as successor- in-interest to the

8  DECEDENT, and seeks both survival and wrongful death damages under federal law

9  for the violation of DECEDENT's rights.  Plaintiffs also seek attorney fees under this

10  claim.

11

12              **THIRD CLAIM FOR RELIEF**

13          **Substantive Due Process (42 U.S.C. § 1983)**

14              (Against Defendants DOES 1-5)

15      43.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1

16  through 42 of this Complaint with the same force and effect as if fully set forth

17  herein.

18      44.    R.S. had a cognizable interest under the Substantive Due Process Clause

19  of the Fourteenth Amendment of the United States Constitution to be free from state

20  actions that deprive him of life, liberty, or property in such a manner as to shock the

21  conscience, including but not limited to, unwarranted state interference in Plaintiffs'

22  familial relationship with his father, DECEDENT.

23      45.    PAMELA AMICI had a cognizable interest under the Due Process

24  Clause of the Fourteenth Amendment of the United States Constitution to be free

25  from state actions that deprive her of life, liberty, or property in such a manner as to

26  shock the conscience, including but not limited to, unwarranted state interference in

27  Plaintiffs' familial relationship with her son, DECEDENT.

28

46.   DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

47.   As a result of the excessive force by Defendant DOES 1-5 and failure of Defendant DOES 1-5 to intervene, DECEDENT died.  Plaintiffs R.S. and PAMELA AMICI were thereby deprived of their constitutional right of familial relationship with DECEDENT.  The involved officers interfered with the familial relationship between the Plaintiffs and DECEDENT.

48.   Defendants DOES 1-5, acting under color of state law, thus violated the Fourteenth Amendment rights of R.S. and PAMELA AMICI to be free from unwarranted interference with their familial relationship with DECEDENT.

49.   The aforementioned actions of Defendants DOES 1-5, along with other undiscovered conduct, shock the conscience, in that deliberation was practical and they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs R.S., and PAMELA AMICI, and with purpose to harm unrelated to any legitimate law enforcement objective.

50.   Defendants DOES 1-5, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and Plaintiffs.

51.   As a direct and proximate cause of the acts of Defendants DOES 1-5, the DECEDENT experienced severe pain and suffering and lost his life and earning capacity.  Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

52.   As a result of the conduct of Defendants DOES 1-5, are liable for DECEDENT's injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

53.   The conduct of Defendants DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-5.

54.   R.S. brings this claim individually and as successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under federal law.  PAMELA AMICI brings this claim in her individual capacity for wrongful death damages under federal law.  Plaintiffs also seek attorney fees under this claim.

## FOURTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants DOES 6-10 and CITY)

55.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56.   On and for some time prior to December 12, 2010, (and continuing to the present date) Defendants DOES 6-10 and CITY, deprived Plaintiffs and DECEDENT of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

1        (a)   Employing and retaining as CITY Police Officers and other

2                  personnel, including Defendants DOES 1-5, who Defendants

3                  DOES 6-10 and CITY, at all times material herein knew or

4                  reasonably should have known had dangerous propensities for

5                  abusing their authority and for mistreating citizens by failing to

6                  follow written CITY Police Department policies;

7        (b)   Of inadequately supervising, training, controlling, assigning, and

8                  disciplining CITY Police Officers, and other personnel, including

9                  Defendants DOES 1-5, who Defendants DOES 6-10 and CITY

10                 knew or in the exercise of reasonable care should have known had

11                 the aforementioned propensities and character traits;

12        (c)   By maintaining grossly inadequate procedures for reporting,

13                 supervising, investigating, reviewing, disciplining and controlling

14                 the intentional misconduct by Defendants DOES 1-5, who are

15                 Police Officers of CITY;

16        (d)   By failing to adequately train officers, including Defendants

17                 DOES 1-5, and failing to institute appropriate policies, regarding

18                 constitutional procedures and practices for traffic stops and

19                 shooting at vehicles;

20        (e)   By ratifying the intentional misconduct of Defendants DOES 1-5,

21                 who are Police Officers of CITY;

22        (f)   By failing to discipline CITY Police Officers conduct, including

23                 but not limited to, of unlawful detention and excessive force;

24        (g)   By failing to properly investigate claims of unlawful detention

25                 and excessive force by CITY Police Officers;

26        (h)   By conspiring to give a false account of the incident to attempt to

27                 justify the use of deadly force; and

28

(i)     By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and practices of DOES 6-10 and CITY, were done with a deliberate indifference to individuals' safety and rights.

57.     By reason of the aforementioned policies and practices of Defendants DOES 6-10 and CITY, DECEDENT was severely injured and subjected to pain and suffering and lost his life.

58.     Defendants DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

59.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 6-10, acted with an intentional, reckless, and callous disregard for the life of DECEDENT, and DECEDENT's and Plaintiffs' constitutional rights.  Defendants DOES 6-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

60.     Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants DOES 6-10, were affirmatively linked to

1  and were a significantly influential force behind the injuries of DECEDENT and

2  Plaintiffs.

3       61.    By reason of the aforementioned acts and omissions of Defendants

4  DOES 6-10, Plaintiffs were caused to incur funeral and related burial expenses, and

5  loss of financial support.

6       62.    By reason of the aforementioned acts and omissions of Defendants

7  DOES 6-10, Plaintiffs have suffered loss of love, companionship, affection, comfort,

8  care, society, and future support.

9       63.    Accordingly, Defendants DOES 6-10, each are liable to Plaintiffs for

10  compensatory damages under 42 U.S.C. § 1983.

11       64.    Plaintiffs seek both wrongful death and survival damages under this

12  claim. R.S. brings this claim individually and as successor-in-interest to

13  DECEDENT, and seeks both survival and wrongful death damages under federal

14  law.  PAMELA AMICI brings this claim in her individual capacity for wrongful

15  death damages under federal law.  Plaintiffs also seeks attorney fees under this claim.

16  

17                                                 **FIFTH CLAIM FOR RELIEF**

18                                          **False Arrest/False Imprisonment**

19                           (Against Defendants DOES 1-5 and CITY)

20       65.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1

21  through 64 of this Complaint with the same force and effect as if fully set forth

22  herein.

23       66.    Defendants DOES 1-5, while working as Police Officers for the CITY

24  Police Department, and acting within the course and scope of their duties,

25  intentionally deprived DECEDENT of his freedom of movement by use of force,

26  threats of force, menace, fraud, deceit, and unreasonable duress.  Defendants DOES

27  1-5 also detained DECEDENT without reasonable suspicion.  The involved officers

28  also arrested the DECEDENT without probable cause.

67. DECEDENT did not knowingly or voluntarily consent.

68. The conduct of Defendants DOES 1-5 was a substantial factor in causing the harm of DECEDENT.

69. CITY is vicariously liable for the wrongful acts of Defendants DOES 1-5, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

70. The conduct of Defendants DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

71. Plaintiff R.S. brings this claim individually and as successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under state law.

## SIXTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(Wrongful Death)

(Against Defendant DOES 1-5 and CITY)

72. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 71 of this Complaint with the same force and effect as if fully set forth herein.

73. Defendant DOES 1-5, while working as a Police Officer for the CITY Police Department, and acting within the course and scope of their duties, intentionally shot DECEDENT. The shooting was a use of unreasonable force against the DECEDENT which the DECEDENT did not consent to. As a result of the actions of Defendant DOES 1-5, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity. DOES 1-5 had no

1  legal justification for using force against DECEDENT and said Defendants' use of

2  force while carrying out their police duties was an unreasonable use of force.

3      74.    As a direct and proximate result of Defendants' conduct as alleged

4  above, Plaintiff suffered extreme and severe mental anguish and pain and has been

5  injured in mind and body.  Plaintiff also has been deprived of the life-long love,

6  companionship, comfort, support, society, care and sustenance of DECEDENT, and

7  will continue to be so deprived for the remainder of his natural life.  CITY is

8  vicariously liable for the wrongful acts of Defendant DOES 1-5 pursuant to section

9  815.2(a) of the California Government Code, which provides that a public entity is

10 liable for the injuries caused by its employees within the scope of the employment if

11 the employee's act would subject him or her to liability.

12     75.   The conduct of Defendant DOES 1-5 was malicious, wanton,

13 oppressive, and accomplished with a conscious disregard for the rights of Plaintiff

14 and DECEDENT, entitling Plaintiff, individually and as successor-in-interest to

15 DECEDENT, to an award of exemplary and punitive damages.

16     76.    Plaintiff R.S. brings this claim individually and as successor-in-interest

17 to DECEDENT, and seeks both survival and wrongful death damages under state

18 law.

19

20                  **SEVENTH CLAIM FOR RELIEF**

21       **Negligence (Cal. Govt. Code § 820 and California Common Law)**

22                     (Wrongful Death)

23                 (Against All Defendants)

24     77.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1

25 through 77 of this Complaint with the same force and effect as if fully set forth

26 herein.

27     78.    The actions and inactions of the Defendants were negligent and reckless,

28 including but not limited to:

1       (a)   the failure to properly and adequately assess the need to detain,

2              arrest, and use force or deadly force against DECEDENT;

3       (b)   the negligent tactics and handling of the situation with

4              DECEDENT;

5       (c)   the negligent detention, arrest, tactics in conducting an

6              investigation into a report of a person with a weapon, and

7              negligent use of force, including deadly force, against

8              DECEDENT;

9       (d)   the failure to provide prompt medical care to DECEDENT;

10      (e)   the failure to properly train and supervise employees, both

11            professional and non-professional, including Defendants DOES 1-

12            5;

13      (f)   the failure to ensure that adequate numbers of employees with

14            appropriate education and training were available to meet the

15            needs of and protect the rights of DECEDENT;

16      (g)   the negligent handling of evidence and witnesses.

17    79.   As a direct and proximate result of defendants' conduct as alleged

18 above, and other undiscovered negligent conduct, DECEDENT was caused to suffer

19 severe pain and suffering and ultimately died and lost earning capacity.  Also as a

20 direct and proximate result of defendants' conduct as alleged above, Plaintiff suffered

21 extreme and severe mental anguish and pain and have been injured in mind and body.

22 Plaintiff also has been deprived of the life-long love, companionship, comfort,

23 support, society, care and sustenance of DECEDENT, and will continue to be so

24 deprived for the remainder of his natural lives.

25    80.   CITY is vicariously liable for the wrongful acts of Defendants DOES 1-

26 5 and DOES 6-10 pursuant to section 815.2(a) of the California Government Code,

27 which provides that a public entity is liable for the injuries caused by its employees

28

-15-

COMPLAINT FOR DAMAGES

1  within the scope of the employment if the employee's act would subject him or her to

2  liability.

3      81.   The conduct of Defendants DOES 1-10 was malicious, wanton,

4  oppressive, and accomplished with a conscious disregard for the rights of Plaintiff

5  and DECEDENT, entitling Plaintiff to an award of exemplary and punitive damages.

6      82.   Plaintiff R.S. brings this claim individually and as successor-in-interest

7  to DECEDENT, and seeks both survival and wrongful death damages under state

8  law.

9

10                 **EIGHTH CLAIM FOR RELIEF**

11  **Violation of Bane Act (Cal. Civil Code § 51.7 and California Common Law)**

12                      (Against All Defendants)

13      83.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1

14  through 82 of this Complaint with the same force and effect as if fully set forth

15  herein.

16      84.   Defendants DOES 1-5, while working as Police Officers for the CITY

17  Police Department, and acting within the course and scope of their duties, interfered

18  with or attempted to interfere with the rights of DECEDENT to be free from

19  unreasonable searches and seizures, and to be free from state actions that shock the

20  conscience, by threatening or committing acts involving violence, threats, coercion,

21  or intimidation.

22      85.   DECEDENT reasonably believed that if he exercised his constitutional

23  rights, Defendants DOES 1-5 would commit acts involving violence, threats,

24  coercion, or intimidation against them or their property.

25      86.   Defendants DOES 1-5 injured DECEDENT to prevent DECEDENT

26  from exercising his rights or retaliated against DECEDENT for having exercised his

27  rights.

28

COMPLAINT FOR DAMAGES

87.     DECEDENT was caused to suffer severe pain and suffering and ultimately died.  R.S. suffered severe mental anguish and pain and has been injured in mind and body.  R.S. has been deprived of the life-long comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural lives.

88.     The conduct of Defendants DOES 1-5 was a substantial factor in causing the harms, losses, injuries, and damages of DECEDENT and R.S.

89.     CITY is vicariously liable for the wrongful acts of Defendants DOES 1-5 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

90.     The conduct of Defendants DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiff to an award of exemplary and punitive damages.

91.     Plaintiff R.S. brings this claim individually and as successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under state law.  Plaintiffs also seek attorney fees under this claim.

///

///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants City of Long Beach, and Does 1-10, inclusive, as follows:

A.   For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B.   For funeral and burial expenses, and loss of financial support;

C.   For punitive damages against the individual defendants in an amount to be proven at trial;

D.   For interest;

E.   For reasonable costs of this suit and attorneys' fees; and

F.   For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  April 4, 2011          LAW OFFICES OF DALE K. GALIPO


By *Dale K. Galipo*
Dale K. Galipo
Attorneys for Plaintiffs


DATED:  April 7, 2011          THE CLAYPOOL LAW FIRM


By _Brian Claypool_
Brian E. Claypool
Attorneys for Plaintiffs

1

## DEMAND FOR JURY TRIAL

2          Plaintiffs hereby demand a trial by jury.

3

4  DATED:  April 4, 2011          LAW OFFICES OF DALE K. GALIPO

5

6

7                                By _Dale K. Galipo_____
                                      Dale K. Galipo
8                                     Attorneys for Plaintiffs

9

10  DATED:  April ___, 2011          THE CLAYPOOL LAW FIRM

11

12

13                                By _Brian Claypool_____
                                      Brian E. Claypool
14                                    Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (~) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Minor R.S. and PAMELA AMICI | CITY OF LONG BEACH and DOES 1-10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Dale K. Galipo (SBN: 144074)<br>LAW OFFICES OF DALE K. GALIPO<br>21800 Burbank Boulevard - Suite 310<br>Woodland Hills, California 91367<br>Telephone: (818) 347-3333 / Facsimile: (818) 347-4118 | |

**BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**V. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT: $**

**CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C § 1983

**NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number:     SACV11-00536

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

III(a). **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes
yes, list case number(s): _____

III(b). **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes
yes, list case number(s): _____

ivil cases are deemed related if a previously filed case and the present case:

heck all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

. **VENUE:** (When completing the following information, use an additional sheet if necessary.)

) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Minor R.S.: County of Mendocino<br>PAMELA AMICI: County of Orange |

) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ITY OF LONG BEACH: County of Los Angeles | |

) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ity of Long Beach, County of Los Angeles | |

Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
ote: In land condemnation cases, use the location of the tract of land involved

SIGNATURE OF ATTORNEY: _Dale K. Galipo_ Date April 7, 2011
Dale K. Galipo

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

:y to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV11- 536 AG (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] Western Division | [X] Southern Division | [_] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT
### for the
### CENTRAL DISTRICT OF CALIFORNIA

R.S., a minor by and through his Guardian ad Litem
STEPHANIE SENTELL, and PAMELA AMICI,

*Plaintiffs*

v.

CITY OF LONG BEACH, and DOES 1-10, inclusive,

*Defendants*

**SACV11-00536 AG (RNBx)**

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
    CITY OF LONG BEACH
    333 West Ocean Boulevard
    Long Beach, California 90802

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
    **LAW OFFICES OF DALE K. GALIPO**
    **Dale K. Galipo, Esq. (CA SBN: 144074)**
    **21800 Burbank Boulevard, Suite 310**
    **Woodland Hills, CA 91367**
    **Telephone: (818) 347-3333 / Facsimile: (818) 347-4118**
    **Email: dalekgalipo@yahoo.com / dgalipo@galipolaw.com**

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____ APR 1 2 2011 _____

CHRISTOPHER POWERS

*Signature of Clerk or Deputy Clerk*

1181