LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. SBN144074
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Brian Edward Claypool (Bar No. 134674)
THE CLAYPOOL LAW FIRM
1055 E. Colorado Blvd., 5th Floor
Pasadena, CA 91106
Telephone: (626) 240-4616
Facsimile: (626) 796-9951

Attorneys for Plaintiffs RS and PAMELA AMICI

Garo Mardirossian, Esq., #101812
Rowena J. Dizon, Esq., #171365
**MARDIROSSIAN & ASSOCIATES, INC.**
6311 Wilshire Boulevard
Los Angeles, CA 90048-5001
Telephone (323) 653-6311
Facsimile (323) 651-5511

Thomas E. Beck, Esq., #81557
THE BECK LAW FIRM
10377 Los Alamitos Boulevard
Los Alamitos, CA 90720
Telephone (562) 795-5835
Facsimile (562) 795-5821

Attorneys for Plaintiff Mark Zerby

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

R.S., a minor by and through his Guardian Ad Litem STEPHANIE SENTELL, and PAMELA AMICI,

Plaintiffs,

vs.

CITY OF LONG BEACH, VICTOR ORTIZ, JEFFREY SHURTLEFF, and DOES 3-10, inclusive,

Defendants.

MARK ZERBY,

Plaintiff,

vs.

CITY OF LONG BEACH, et al.

Defendants.

Lead Case No.: SACV 11-00536-AG-RNBx
Consolidated Case No.: SACV11-06379-AG(RNBx)

[Before the *Hon. Andrew J. Guilford*]

**PLAINTIFFS' JOINT MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS' ANIMATION OF THE INCIDENT; DECLARATION OF DALE K. GALIPO**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is an action that arises out of a December 12, 2010 incident, when decedent Douglas Zerby was fatally shot by two Long Beach police officers without any warning, while Mr. Zerby sat on the staircase landing of a private residence, waiting for his friend and holding a garden hose water nozzle in his hand.

The officers admit that Mr. Zerby had not and was not committing a felony, or any crime for that matter. He had not threatened anyone. He had not disobeyed any police command and in fact was unaware of the officers' presence because the officers concealed their presence from him, and never gave him a command or warning prior to shooting him.

Plaintiffs seek to exclude defendants' animation that purports to depict the scene of the incident and the placement and positioning of the decedent and the defendant officers for several reasons. First, the animation was not timely disclosed. Second, the animation lacks foundation because it is contrary to the physical evidence, the testimony of the officers and defendants' own expert Judy Melinek. Third, the animation was clearly created based on assumptions and computer programming inputs that were not tested by cross-examination in deposition before trial. Defendants' designated expert Melinek is unable to explain the proper foundation for it, because it was created by other undisclosed animation experts. Fourth, the animation should be excluded under Federal Rule of Evidence 403 as misleading and confusing to the jury as it is contrary to the testimony of the officers and is not a fair and accurate depiction of the incident. Therefore, the Court should exclude defendants' animation video as it was not timely or properly disclosed, lacks foundation, is misleading, and inaccurately depicts the shooting incident, and is unfairly prejudicial to plaintiffs.

///

///

## II. THE ANIMATION LACKS FOUNDATION AS IT IS CONTRARY TO THE OFFICERS' TESTIMONY AND PHYSICAL EVIDENCE

The alleged animation of the incident lacks foundation, as it is contrary to the testimony of the involved officers and the physical evidence and the opinions of the experts, including the defense experts. For example, the involved officers testified at their depositions that they had cover and concealment behind brick walls at the time of the incident, but the animation inaccurately depicts them as exposed and fully visible. The brick walls are depicted as paper thin and hollow. It mischaracterizes the decedent's appearance as dark-haired, gaunt and sinister. It also mischaracterizes the position and posture of the decedent by creating anatomical distortions in the arms and legs.

The animation depicts the decedent as holding the water nozzle (which the animation attempts to make look like a gun) in both hands in a shooting grip and stance. In the illustration titled "Officer Cruz View", the decedent is depicted holding the nozzle with a two-handed grip. This is contrary to Officer Cruz' own testimony that he did not see the decedent hold the nozzle with a 2-handed grip prior to the shots being fired or as the shots were being fired. Officer Cruz was observing Mr. Zerby through a magnifying scope on his rifle. The two-handed grip is also unsupported by Officer Shurtleff's testimony who concedes he cannot say whether Mr. Zerby had the nozzle in one hand or two hands when he was shot.

The animation also attempts to depict the sequence of the shots when the order of the shots cannot be ascertained according to expert testimony. The animations titled "Trajectory Group" 1 to 4, lack foundation because not only do they all depict paper-thin hollow walls, they also depict the officers as fully visible, which is contrary to their testimony that they had concealed themselves behind the brick walls and made sure they could not be seen. The evidence is that Mr. Zerby did not see the officer prior to the shooting, as they had cover and concealment and never announced their presence.

The animation also depicts the window above the decedent as see-through, which is contrary to the physical evidence at the scene. The apparent suggestion is that the officers were not shooting into an occupied apartment.

Since the animation depicts the incident in a way that is inconsistent with the testimony of the officers and inconsistent with the physical evidence and expert testimony, there is no foundation for the animation and it should be excluded. Further, it is unclear as to the basis and foundation used by the undisclosed experts who actually did the animation.

## III. DEFENDANTS' EXPERT JUDY MELINEK, M.D.'s TESTIMONY FURTHER SUPPORTS THE EXCLUSION OF THE ANIMATION

Defendants' retained forensic pathologist Judy Melinek, M.D. also gave deposition testimony that further supports the Court's exclusion of the defendants' alleged animation of the shooting incident. First, Dr. Melinek conceded that she could not do the animation herself. (*See* Exhibit A, Melinek Deposition, 10:21-11:8.). Second, she testified that the shots to decedents left and right arms could have been sustained without any object in the right or left hand and that the decedent could not have had his hands together holding an object during the shots. (*See* Exhibit A, Melinek Deposition, 20:19-22:4, 31:21-32:6.). Third, Dr. Melinek opines that the first shot that struck the decedent may have been the shoulder shot, but that she could not tell the position of decedent's right arm when that shot was sustained. (*See* Exhibit A, Melinek Deposition, 80:6-11.). When asked whether Mr. Zerby was angled more toward Officer Shurtleff or more toward Officer Ortiz when the shots were fired, Dr. Melinek testified that she cannot answer that question because she has not done the analysis. (*See* Exhibit A, Melinek Deposition, 62:4-63:9.). Thus, the angle of Mr. Zerby in the animation lacks foundation. Dr. Melinek does agree that Mr. Zerby was slumped forward when the shots occurred, but this fact is not depicted in defendant's animation. (*See* Exhibit A, Melinek

Deposition, 39:6-25, 72:11-25.). Dr. Melinek further testified that the wounds do not tell the position of the arms of Mr. Zerby when he was shot. (*See* Exhibit A, Melinek Deposition, 86:7-18.). Moreover, Dr. Melinek did not match the shots with the bullet impacts to the wall behind Mr. Zerby, which the animation attempts to do. (*See* Exhibit A, Melinek Deposition, 90:6-17). Dr. Melinek also conceded that Mr. Zerby's right hand does not have to be pointed out when he was shot and his right hand does not need to be in any specific position. (*See* Exhibit A, Melinek Deposition, 122:21-124:6). Dr. Melinek again testified that Mr. Zerby did not have an object in both hands when he was shot. (*See* Exhibit A, Melinek Deposition, 140:4-13). Based on the inconsistencies between the testimony, physical evidence, and even Dr. Melinek's testimony, the animation should be excluded as lacking foundation and misleading.

**IV. DEFENDANTS' DISCLOSURE OF THE ANIMATION ON THE EVE OF TRIAL CAUSES UNFAIR PREJUDICE BECAUSE IT PREVENTED PLAINTIFFS FROM SEEKING DISCOVERY FROM THE EXPERT ANIMATORS WHO CREATED THE ANIMATION**

The Court should exclude Defendants' animation videos at trial because the experts who created the animation were never disclosed or properly designated. These animators used certain assumptions when they entered computer programming information into their unknown software, in order to create anatomical distortions in Mr. Zerby's arms and legs. They also used certain assumptions to create the trajectories, but decided not to depict the relative height between Officer Ortiz who was kneeling on the ground 38 feet away, as the decedent sat on a landing at least 4 feet high. The animation of the trajectories is highly misleading.

The untimely disclosure of the animation has prejudiced Plaintiffs by failing to provide them with the opportunity to depose the creators of the animation. Now that discovery has ended Plaintiffs are at a severe disadvantage as to questioning the validity of the positioning of the decedent and involved officers and sequence of

shots and events depicted in the animation. In a case where the positioning of the decedent and involved officers is of paramount importance, plaintiffs' inability to depose the creators of the animation is unfairly prejudicial to plaintiffs. As such, the defendants' alleged animation should be excluded.

## V. THE ANIMATION IS UNDULY PREJUDICIAL UNDER F.R.E 403

In addition to its late disclosure and lack of foundation as discussed above, the Court should use its discretion under Federal Rule of Evidence 403 and exclude defendants' animation videos because they are misleading and confusing to the jury. Rule 403 excludes relevant evidence "if its probative value is substantially outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

Since the animation is inconsistent with the testimony of the officers and expert testimony, it will be more confusing and prejudicial than helpful. The jury may incorrectly assume the animation shows how the incident occurred. Of course, defendants' animation inappropriately makes it look like Mr. Zerby had a gun pointed at the officers in a two handed shooting position and that officers were exposed to Mr. Zerby and had to shoot in self-defense. This is contrary to the physical evidence, the expert testimony on both sides, and the deposition testimony of the officers. For these reasons, the defendants' animation should be excluded under Federal Rule of Evidence 403.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to exclude defendants' animation video of the incident. Plaintiffs also agree that if the Court grants their motion to exclude the defendants' animation, plaintiffs would withdraw their animation, so that no animation would be shown at trial.

DATED: February 14, 2013

LAW OFFICES OF DALE K. GALIPO

By /s/ Dale K. Galipo
Dale K. Galipo
*Attorneys for Plaintiffs R.S. and Pamela Amici*

DATED: February 14, 2013

MARDIROSSIAN & ASSOCIATES, INC.
BECK LAW FIRM

By: */s/Rowena J. Dizon*
Rowena J. Dizon, Esq.
Attorneys for Plaintiff MARK ZERBY

-7- Case No. CV 10-09384-MMM-OPx
PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE DEFENDANTS' ANIMATION OF INCIDENT

**DECLARATION OF DALE K. GALIPO**

I, Dale K. Galipo, declare and state as follows:

1. I am an attorney duly licensed to practice law before all courts within the State of California and represent the Plaintiffs in the above-captioned action.

2. I am personally familiar with the facts contained herein and would and could competently testify thereto if called upon to do so.

3. I am filing this Declaration in support of Plaintiffs' Joint Motion *In Limine* to Exclude Defendants' Animation of the Incident.

4. On January 25, 2013, I personally deposed Defendants' expert, Judy Melinek, MD. True and correct portions of Dr. Melinek's deposition are attached hereto as Exhibit "A".

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: February 14.2013 /s/ Dale K. Galipo

Dale K. Galipo